**WRIGHT, Plaintiff, v. DESHLER CORPORATION, Defendant.**

Common Pleas Court, Franklin County.

No. 190552.   Decided October 18, 1954.

Walcutt & Henney, for plaintiff.
Hamilton & Kramer, for defendant.

## OPINION

By BARTLETT, J.

Suit for personal injuries resulting from a fall on the stairway of the Deshler Hilton Hotel. Based on negligence in failure to provide non-skid treads or carpeting, hand rails for said stairs, and obstructing the landing of said stairs with a dangerous sign.

Motion to strike from this petition filed consisting of 16 branches, are all overruled. Motion to make petition definite and certain overruled.

Branches 1, 2, 3 and 4, to strike certain words from the petition, refer particularly to the "Ionian Room" and its patrons with a seating capacity in excess of 100, in which was dispensed food, drink and entertainment, while plaintiff was a patron of the "Hour Glass" room which dispensed food, drink and entertainment; and the necessity of the patrons of both rooms to use the same stairway. The defendant claims such facts have no causal relation with plaintiff's right of action.

Sec. 3783.01 R. C., defines "assembly halls" as including "all buildings or parts of buildings seating or accommodating one hundred persons or more and used for the assembly of persons for * * * entertainment, or amusement, * * *."

Sec. 3783.29 R. C., requires "all stairways in assembly halls shall be enclosed by fire division walls ⁴ * *;" and then provides:

"Otherwise stairways and inclines shall be constructed and equipped the same as required for theatres."

The allegations with reference to the Ionian Room, and the use of this stairway by its patrons bring the stairway in question within the detailed requirements of this statute, because it accommodates in excess of one hundred persons. This statute among other things requires: "Handrails shall be provided on both sides of all stairways and steps." Also:

"Stair treads shall be provided with approved nonslip treads, or shall be carpeted or covered with other material to prevent slipping or tripping."

Sec. 4107.14 R. C., also requires handrails on all stairs in hotel.

These statutes were enacted by the Legislature in the interest of public safety, and the violation of the specific requirements thereof. constitute negligence per se, the providing of such handrails, nonslip treads, carpeting or other covering for stair treads being such specific requirements.

Branches 5 and 12 request the striking from the petition of the reference to handrails, on the theory that the defendant hotel owned no duty to provide such handrails. The statute clearly contradicts such a theory.

Branches 9 and 13 request the striking from the petition of all reference to the landing on the stairs being obstructed by sign or easel, as being immaterial and having no connection with plaintiff's fall; but the averments of the petition do connect this obstruction with her alleged injuries.

Then, too, §3785.54 R. C., requires enclosed fireproof stairways "shall be kept free from encumbrances or obstructions at all times." This being a public safety requirement, violation thereof, constitutes negligence per se.

The motion to make definite and certain the alleged injuries to plaintiff's legs, back, etc., is overruled, for the reason that bodily physical injuries in a negligence case constitute general damages and need not be specially pleaded as such damages are presumed to flow from the injury. 13 O. Jur. Damages, Sections 155 and 161, pages 259 and 266.

Entry accordingly with exceptions by counsel for defendants.